IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:04-CR-008 |
| | § | ALM-CAN |
| RODNEY SHANE HOLT | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 29, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Camelia Lopez.

Rodney Shane Holt was sentenced on June 4, 2004, before The Honorable U.S. District Judge Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Count 2: Felon in Possession of a Firearm, a Class C felony and Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. These offenses carried a statutory maximum imprisonment term of 10 years to Count 2 and no less than 5 years, nor more than Life to Count 3. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Rodney Shane Holt was subsequently sentenced to Count 2: 78 months and Count 3: 60 months to be served consecutive to Count 2, for a total sentence of 138 months imprisonment followed by a 3-year term of supervised release as to each count to be served concurrently, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health counseling including anger management, no use of intoxicants, drug after-care, and a $200 special assessment fee. On November 28, 2014,

REPORT AND RECOMMENDATION -- Page 1

Rodney Shane Holt completed his period of imprisonment and began service of the supervision term. On January 17, 2017, this case was re-assigned to United States District Judge Marcia Crone.

On March 1, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 38 Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (2) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (3) Beginning at a time to be arranged by the probation officer, Rodney Shane Holt, shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days. Defendant shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

The Petition alleges that Defendant committed the following acts: (1) On January 11, 2017, Mr. Holt provided a urine specimen to the probation officer and the sample was positive for marijuana. Mr. Holt signed an admission form and admitted to marijuana use from on or about December 31, 2016; (2) On January 10, 2017, during an unannounced home visit contact was made with convicted felon, Cody Wright at Mr. Holt's residence. Mr. Holt signed a written statement admitting to the unauthorized association. That same day, probation officers found illegal drugs at the residence and the illegal drugs were allegedly left behind by Cody Wright; and (3) On February 24, 2017, Mr. Holt was unsuccessfully discharged from the Residential Reentry Center. Mr. Holt admitted to the unsuccessful discharge and signed an admission form.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1), two (2), and three (3) of the Petition. Having considered the Petition and the plea of true to allegations one (1), two (2), and three (3), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 9 months imprisonment as to each count, to run concurrent, with no term of supervised release to follow. The term of imprisonment recommended includes any un-served CRC time.

The Court also recommends that Defendant be housed in the Bureau of Prisons El Reno, Oklahoma facility, if appropriate.

**SIGNED this 29th day of March, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE